UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| XAVIER MICHAEL MAGANA,<br><br>                         Plaintiff,<br>     v.<br>DEPARTMENT OF CORRECTIONS, et al,<br><br>                         Defendants. | Case No. 3:16-cv-05589-RJB-KLS<br><br>ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT |

       This matter is before the Court on plaintiff's filing of a proposed civil rights complaint.[1] Plaintiff has been granted leave to proceed *in forma pauperis*. In light of the deficiencies in the complaint discussed herein, however, the undersigned will not direct service of the complaint at this time. Plaintiff, though, will be provided the opportunity by the date set forth below to show cause why the complaint should not be dismissed or to file an amended complaint.

       The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief."[2] A complaint is frivolous when it has no arguable basis in law or fact.[3]

       Before the Court may dismiss the complaint as frivolous or for failure to state a claim,

---

[1] Dkt. 1-1.

[2] 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b).

[3] *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

ORDER - 1

though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal."[4] On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal."[5]

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.[6] Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.[7]

Plaintiff, an inmate at the Monroe Correctional Complex, alleges his First Amendment access to the courts and Fourteenth Amendment due process rights were violated when his personal property – including a draft of a personal restraint petition – was destroyed and/or lost during a cell extraction. Those claims are fatally deficient for a number of reasons.

First, plaintiff lists the Washington State Department of Corrections (DOC) as one of the named defendants. Under the Eleventh Amendment, however, a state is not subject to suit by its own citizens in federal court.[8] A state agency, as an arm of the state, is immune from suit in federal court as well.[9] An entity that has Eleventh Amendment immunity also is not a "person"

---

[4] *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987).

[5] *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

[6] *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

[7] *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

[8] *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

[9] *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989).

ORDER - 2

within the meaning of 42 U.S.C. § 1983.[10] As a Washington State agency, therefore, the DOC is immune from liability and thus cannot be sued by plaintiff.

Second, although plaintiff lists several DOC employees, both named and unnamed, as individual defendants, he has failed to allege facts showing how any of them actually caused or personally participated in causing the harm alleged.[11] Indeed, it is not at all clear from any of the complaint's alleged facts who, if anyone, was responsible for the loss or destruction of plaintiff's personal property.

Third, to the extent plaintiff is alleging any of the individually named defendants are liable based on supervisory responsibility – for example, Pat Glebe, the prison superintendent, Dan Mason, the associate superintendent, and Edward Woods, a correctional unit supervisor – liability on that basis is prohibited as well.[12] Liability under § 1983 "must be based on more than the right to control employees."[13] Instead, plaintiff must show "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."[14] Plaintiff has not done that here.

Fourth, plaintiff's constitutional claims are based on defendants' alleged negligence. "[A] negligent act by a person acting under color of state law," however, "does not rise to the level of a constitutional violation."[15] "The burden of establishing [a defendant's] level of culpability rests

---

[10] *Howlett*, 496 U.S. at 365.

[11] *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

[12] *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 n.58 (1978); *Padway v. Patches*, 665 F.2d 965, 968 (9th Cir. 1982).

[13] *Bellamy v. Bradley*, 729 F.2d 416, 421 (1984).

[14] *Id.*

[15] *Strong v. Woodford*, 428 F.Supp.2d 1082, 1085 (C.D. Cal. 2006) (citing *Daniels v. Williams*, 474 U.S. 327, 333 (1986)); *see also Hines v. Boothe*, 841 F.2d 623, 624 (5th Cir. 1988), *overruled on other grounds*, *Huguet v. Barnett*, 900 F.2d 838 (5th Cir. 1990).

ORDER - 3

with the plaintiff."[16] For § 1983 purposes, "[a]ctions such as mislaying an inmate's property" suggest "merely 'failure to measure up to the conduct of a reasonable person,'" and thus "do not constitute more than negligence."[17] Rather, an inmate must show the official's conduct "rose beyond the level of mere negligence."[18] This is true whether the alleged constitutional harm "is catalogued under the First or Fourteenth Amendment."[19]

Fifth, plaintiff has not sufficiently alleged a First Amendment lack of access to the courts claim. Because "meaningful access to the courts is the touchstone," to prevail on an access to the courts claim, plaintiff must demonstrated "his efforts to pursue a legal claim" have actually been hindered.[20] That is, plaintiff must show the actions or omissions of prison officials caused some actual injury or prejudice such as inability to meet a filing deadline or present a claim.[21] Plaintiff, though, has merely alleged his draft personal restraint petition was destroyed and/or lost, and not that its loss or destruction resulted in any harm beyond that.

Sixth, plaintiff has not shown he is due any process beyond that which he already has received in regard to his claims. "Due process is a flexible concept that varies with the particular situation."[22] Generally, the Consitition "requires some kind of hearing *before* the State deprives a person of liberty or property."[23] However, when an inmate alleges a deprivation of property by the unauthorized action of a prison official, no procedural due process violation exists if the state

---

[16] *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989).

[17] *Id.*; *Hines*, 841 F.2d at 624.

[18] *Stevenson*, 877 F.2d at 1441.

[19] *Pink v. L.T. Lester*, 52 F.3d 73, 76 (4th Cir. 1995).

[20] *Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1995) (citing *Bounds v. Smith*, 30 U.S. 817, 823 (1977)).

[21] *Lewis v. Casey*, 518 U.S. 343, 348, 352 (1996).

[22] *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

[23] *Id.* (emphasis in original).

ORDER - 4

provides "a meaningful post-deprivation remedy."[24] In Washington, an inmate may file a civil action against the state for the unlawful loss or destruction of his personal property.[25] Indeed, it appears plaintiff did just that – or at the very least began that process – by filing a tort claim with the state.[26] Because the state provides a meaningful remedy for the loss of his personal property, plaintiff has failed to state a valid due process claim.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before September 7, 2016**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived.[27]

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*,

---

[24] *Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984); *Parratt v. Taylor*, 451 U.S. 527, 537-38 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

[25] *Jeffries v. Reed*, 631 F.Supp. 1212, 1216 (E.D. Wash. 1986); RCW 4.92.090-.100; RCW 72.02.045(3).

[26] Dkt. 1-1, p. 22; RCW 4.92.100.

[27] *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

ORDER - 5

"unless the prisoner is under imminent danger of serious physical injury."[28]

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

DATED this 10th day of August, 2016.

Karen L. Strombom
United States Magistrate Judge

---

[28] 28 U.S.C. § 1915(g).

ORDER - 6