UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| XAVIER MICHAEL MAGANA,<br><br>       Plaintiff,<br><br> v.<br><br>RICHARD MORGAN, et al,<br><br>       Defendants. | Case No. 3:16-cv-05589-RJB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 30, 2016 |

   This matter is before the Court on plaintiff's filing an amended complaint pursuant to the Court's order that he do so. Dkt. 7. Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, plaintiff's amended complaint remains fatally deficient, and therefore the undersigned recommends that the Court dismiss this action without prejudice prior to service for failure to state a claim upon which relief may be granted.

## DISCUSSION

   The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228

REPORT AND RECOMMENDATION - 1

(9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff, an inmate at the Monroe Correctional Complex, alleged in his original complaint that his First Amendment access to the courts and Fourteenth Amendment due process rights were violated when his personal property – including a draft of a personal restraint petition – was destroyed and/or lost during a cell extraction. Dkt. 1-1. That complaint had a number of fatal deficiencies, and plaintiff was given an opportunity to file an amended complaint, curing if possible those deficiencies. Dkt. 6. Although plaintiff has filed an amended complaint (Dkt. 7), it

REPORT AND RECOMMENDATION - 2

remains fatally deficient.

In his amended complaint, plaintiff alleges the named defendants directed certain John and Jane Doe defendants to extract him from his cell, thereby resulting in his personal property, including a draft of a personal restraint petition, to be destroyed and/or lost. *Id.* First, plaintiff still has not come forth with facts showing his constitutional claims are based on anything other than defendants' alleged negligence. "[A] negligent act by a person acting under color of state law," though, "does not rise to the level of a constitutional violation." *Strong v. Woodford*, 428 F.Supp.2d 1082, 1085 (C.D. Cal. 2006) (citing *Daniels v. Williams*, 474 U.S. 327, 333 (1986)); *see also Hines v. Boothe*, 841 F.2d 623, 624 (5th Cir. 1988), *overruled on other grounds*, *Huguet v. Barnett*, 900 F.2d 838 (5th Cir. 1990).

"The burden of establishing [a defendant's] level of culpability rests with the plaintiff." *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989). For § 1983 purposes, "[a]ctions such as mislaying an inmate's property" suggest "merely 'failure to measure up to the conduct of a reasonable person,'" and "do not constitute more than negligence." *Id.*; *Hines*, 841 F.2d at 624. Rather, an inmate must show the official's conduct "rose beyond the level of mere negligence." *Stevenson*, 877 F.2d at 1441. This is true whether the alleged constitutional harm "is catalogued under the First or Fourteenth Amendment." *Pink v. L.T. Lester*, 52 F.3d 73, 76 (4th Cir. 1995).

Although plaintiff alleges the John and Jane Doe defendants confiscated his personal property during the cell extraction, he does not allege that they or any of the named defendants actually caused or participating in causing the loss or destruction of his personal property. Such lack of personal participation on defendants' part alone is cause for dismissing plaintiff's claims. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). And to the extent that defendants' directing the John and Jane Doe defendants to extract

REPORT AND RECOMMENDATION - 3

plaintiff from his cell could be said to amount to personal participation, again plaintiff has failed to show their conduct rose above the level of negligence. Nor does the fact that any of the named defendants may have acted in a supervisory capacity form a basis for establishng Section 1983 liability. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 n.58 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (1984); *Padway v. Patches*, 665 F.2d 965, 968 (9th Cir. 1982).

Plaintiff also has not sufficiently alleged a First Amendment lack of access to the courts claim. Because "meaningful access to the courts is the touchstone," to prevail on an access to the courts claim, plaintiff must demonstrated "his efforts to pursue a legal claim" have actually been hindered. *Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1995) (citing *Bounds v. Smith*, 30 U.S. 817, 823 (1977)). That is, plaintiff must show the actions or omissions of prison officials caused some actual injury or prejudice such as inability to meet a filing deadline or present a claim. *Lewis v. Casey*, 518 U.S. 343, 348, 352 (1996). Plaintiff alleges the loss of his draft personal restraint petition resulted in an additional five month delay in preparing and filing a replacement personal restraint petition with the state court of appeals. Dkt. 7, p. 5. But it appears this did not hinder plaintiff's ability to properly file his petition. *Id.* at p. 27. Plaintiff, therefore, has failed to establish the requisite actual injury or prejudice.

Lastly, plaintiff has not shown he is due any process beyond that which he already has received in regard to his claims. "Due process is a flexible concept that varies with the particular situation." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Generally, the Constitution "requires some kind of hearing *before* the State deprives a person of liberty or property." *Id.* (emphasis in original). When an inmate alleges a deprivation of property by the unauthorized action of a prison official, however, no procedural due process violation exists if the state provides "a meaningful post-deprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984); *Parratt*

REPORT AND RECOMMENDATION - 4

*v. Taylor*, 451 U.S. 527, 537-38 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

In Washington, an inmate may file a civil action against the state for the unlawful loss or destruction of his personal property. *Jeffries v. Reed*, 631 F.Supp. 1212, 1216 (E.D. Wash. 1986); RCW 4.92.090-.100; RCW 72.02.045(3). Indeed, it appears plaintiff did just that – or at the very least began that process – by filing a tort claim with the state. Dkt. 1-1, p. 22; Dkt. 7, p. 4; RCW 4.92.100. Because the state provides a meaningful remedy for the loss of his personal property, plaintiff has failed to state a valid due process claim. Plaintiff seems to argue, though, that he did not receive a meaningful post-deprivation remedy, because the state's denial of his tort claim did not recognize any Department of Corrections' policy violations committed due to defendants' negligence. But there is no indication this is a form of relief available to plaintiff via the tort claim process, and even if it was, as discussed above claims based on negligence are not causable under Section 1983.

## CONCLUSION

Because plaintiff already has been granted the opportunity to state a viable constitutional claim by filing an amended complaint – but the amended complaint remains fatally deficient without any indication the deficiencies discussed above can be cured – dismissal of this action is for failure to state a claim under 42 U.S.C. § 1983 is proper.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **September 30, 2016**, as

REPORT AND RECOMMENDATION - 5

noted in the caption.

DATED this 14th day of September, 2016.

*Karen L. Strombom* (signature)

Karen L. Strombom
United States Magistrate JudgeJo

REPORT AND RECOMMENDATION - 6